*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION: 2003 FED App. 0451P (6th Cir.)
File Name: 03a0451p.06

# UNITED STATES COURT OF APPEALS

### FOR THE SIXTH CIRCUIT

─────────────────

In re: DALE R. BROOKOVER;
MONTGOMERY FARMS; JACK
GIULITTO,

        *Debtors.*

─────────────────

IRA BODENSTEIN, United
States Trustee,

        *Appellant.*

No. 02-3237

Appeal from the United States District Court
for the Northern District of Ohio at Akron.
Nos. 01-01129; 01-01130; 01-01131—
Marilyn Shea-Stonum, Bankruptcy Judge;
David D. Dowd, Jr., District Judge.

Argued: October 21, 2003

Decided and Filed: December 19, 2003

Before: KEITH, DAUGHTREY, and GILMAN, Circuit
Judges.

─────────────────

─────────────────

### COUNSEL

**ARGUED:** William Kanter, UNITED STATES
DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellant. **ON BRIEF:** William Kanter, Wendy Keats,
UNITED STATES DEPARTMENT OF JUSTICE,
Washington, D.C., for Appellant.

─────────────────

### OPINION

─────────────────

DAMON J. KEITH, Circuit Judge. This appeal arises from
three cases filed under Chapter 12 of the Bankruptcy Code,
11 U.S.C. § 1201 *et seq.*, in the bankruptcy court of the
Northern District of Ohio, Eastern Division. The United States
Trustee ("UST") appeals the district court's order affirming the
bankruptcy court's order refusing to accept resignation of the
standing Chapter 12 trustee and setting forth procedures for
such resignation. For the reasons set forth below, we
**REVERSE** the district court's order.

### I. BACKGROUND

The trustee for each case was Michael V. Demczyk
("Demczyk"), the standing Chapter 12 trustee appointed by the
UST pursuant to 28 U.S.C. § 586(b) and 11 U.S.C. § 1202. In
October 2000, Demczyk tendered his resignation as standing
trustee in these cases to the UST, who accepted it and notified
the bankruptcy court that a successor trustee would be
appointed. In accord with the UST's standard practice to
provide prompt notice to the courts and all interested parties
regarding the resignation of a trustee and the assignment of a
successor, on November 7, 2000, the UST sent a letter to
Demczyk, with copies to the bankruptcy judges, clerk and
deputy clerks in charge of the four court locations for the

Northern District of Ohio, Eastern Division, and certain individuals in the UST's office in Cleveland. In the letter, the UST accepted the resignation of Demczyk. The letter read, in part:

> I have received your letter of resignation as Chapter 12 Standing Trustee dated October 31, 2000, which indicates that the resignation will be effective November 30, 2000. I accept your resignation and thank you for your years of service as the Chapter 12 Standing Trustee for the Eastern Division of the Northern District of Ohio. There have been insufficient Chapter 12 case filings over the past few years to support a Standing Trustee operation, and we appreciate your willingness to administer these cases for minimal compensation.
>
> Notice will be filed with the Bankruptcy Court in each case of your resignation and my appointment as Chapter 12 interim trustee. My staff will be in contact with you regarding the transition of funds and files to our office. We anticipate your full cooperation in this regard and in the filing of your final annual report.

J.A. at 12. On the same date, November 7, 2000, the UST sent a letter to the bankruptcy judge, with a copy sent to Joyce Garner, Deputy Clerk in Charge in Akron. The letter read, in part:

> Enclosed for your information is a copy of my letter accepting the resignation of Michael Demczyk as Chapter 12 Standing Trustee for the Eastern Division of the Northern District of Ohio. There are no longer sufficient Chapter 12 cases to justify a Standing Trustee under 28 U.S.C. § 586(b). On the active Chapter 12 cases, we anticipate appointing successor individual case trustees under 11 U.S.C. § 1202(a). These will be administered in a similar manner as Chapter 7 cases.

J.A. at 13. Although the UST did not "file" the letters with the court, the court itself made the letters part of the court record. Information on the UST's plan to name a successor trustee was given to the court.

On November 28, 2000, the bankruptcy court, *sua sponte*, issued an identical Order in each of the cases, which was served on Demczyk, the UST, and the attorneys for the Chapter 12 debtors, stating, in pertinent part:

> Michael V. Demczyk is the Standing Chapter 12 Trustee in this case. The Court recently received correspondence from Donald M. Robiner, United States Trustee, Ohio/Michigan Region 9, which consists of two letters dated November 7, 2000 (the "Letters") . . . The Letters raise a question about whether Mr. Demczyk wishes to continue to serve as the Chapter 12 Trustee. If a change is requested, the Court will await a motion filed and served on all parties in interest. See 11 U.S.C. § 324. Mr. Demczyk is to continue to carry out his responsibilities in this case, absent a Court Order to the contrary.

J.A. at 14.

On December 7, 2000, the UST filed his motion to reconsider, and on January 23, 2001, he filed a memorandum in support of the motion to reconsider. A hearing on the motion to reconsider was held on February 16, 2001. At the hearing, the court was shown Demczyk's resignation letter of October 31, 2000. The letter read, in part:

> Please accept my resignation as the standing Chapter 12 trustee for the Northern District of Ohio, Eastern Division, effective November 30, 2000. I have previously discussed this matter with your staff regarding an orderly transition of accounts, files, and other assets which might pertain to this trusteeship.

Therefore, whatever I can do to assist this transition and make it as efficient as possible, please do not hesitate to contact me at your earliest convenience.

J.A. at 35.

Following the hearing, and with leave of court, on March 2, 2001, the UST filed a supplemental memorandum in support of the motion to reconsider. The bankruptcy court denied the UST's motion to reconsider in a published opinion. *In re Dale R. Brookover, et al.*, 259 B.R. 884 (Bankr. N.D. Ohio 2001). The UST appealed the orders to the district court pursuant to 28 U.S.C. § 158(a). The district court considered the three appeals, and issued an order affirming the bankruptcy court's decision for the reasons set forth therein. *Robiner v. Demczyk* 269 B.R. 167, 171 (N.D. Ohio 2001).

## II. ANALYSIS

### A. Standard of Review

This is an appeal in a bankruptcy case raising questions of law only. "In a case which comes to us from the bankruptcy court by way of an appeal from a decision of a district court, we review directly the decision of the bankruptcy court. We accord no deference to the district court's decision . . . [and] review *de novo* the bankruptcy court's conclusions of law." *In re Hurtado*, 342 F.3d 528, 531 (6th Cir. 2003) (citing *Brady-Morris v. Schilling (In re Kenneth Allen Knight Trust)*, 303 F.3d 671, 676 (6th Cir.2002)).

### B.  Absent an Express Statutory Provision to the Contrary

The direct task before this court is to determine where the power to accept the voluntary resignation of a trustee in

bankruptcy lies. This issue has not been extensively litigated.[1] The pivotal query in this case, however, is directed at the relationship between the common law and statutory authority as it relates to the process of voluntary resignation and acceptance of that resignation. On this issue, the law provides adequate guidance.

Generally, "where a common-law principle is well-established . . . the courts may take it as given that Congress has legislated with an expectation that the principle will apply except 'when a statutory purpose to the contrary is evident.'" *Astoria Fed. Sav. & Loan Ass'n v. Solimino*, 501 U.S. 104, 108 (1991) (citing *Isbrandtsen Co. v. Johnson*, 343 U.S. 779, 783 (1952)). Specifically, the UST argues that, under the common law, absent an express statutory provision to the contrary, a public officer has the right to resign, and the authority to accept the resignation resides with the person or body having authority to appoint the successor. *See Rockingham County v. Luten Bridge Co.*, 35 F.2d 301, 306 (4th Cir. 1929). The bankruptcy court, however, found that "the UST, a creature of statute, cannot[, as he is now attempting,] simply arrogate to himself the power to accept a trustee's resignation, without Congress so providing." *In re Dale R. Brookover*, 259 B.R. at 890 (citing *Louisiana Pub. Serv. Comm'n v. F.C.C.*, 476 U.S. 355, 374-76 (1986) (a federal agency may not confer power upon itself or expand its power)). The foundation of the bankruptcy court's position is, therefore, that a Congressional grant of authority must be the sole source of the UST's power to accept a trustee's voluntary resignation. Such a proposition, however, provides ample space for the expression of that invested power to be explicit or implicit. Implicit or incidental power can be found in the absence of a "specific provision to the contrary." *Carlucci v. Doe*, 488 U.S. 93, 99 (1988)

---

[1] There is a case that touches on some of the constituent parts running through the instant case, *see, e.g., Richman v. Straley,* 48 F.3d 1139, 1143-44 (10th Cir. 1995), but no case squarely addresses the core question before this court.

("[A]bsent a 'specific provision to the contrary, the power of removal from office is incident to the power of appointment.'") (citation omitted)).  Thus, the threshold question is whether there is a relevant statutory provision that limits, expressly or impliedly, the alleged common law authority of the UST to accept the voluntary resignation of a trustee, where that UST has the express authority to replace the trustee without judicial or other oversight.

### C.  Application of 11 U.S.C. § 324

In the present case, the bankruptcy court rejected the common law rule because it concluded that the Bankruptcy Code specifies a role for the court in accepting or refusing the voluntary resignation of a trustee. Specifically, the bankruptcy court stated that "[r]esort to common law is not proper in the face of a [Bankruptcy] Code section clearly setting forth the statutory procedure to be used when either a trustee seeks, or other officer of the court or the Court seeks, the trustee's *removal* from a pending case." *In re Dale R. Brookover*, 259 B.R. at 889 (emphasis added).  Importantly, the bankruptcy court uses the word "removal;" removal is a separate and distinct process from resignation.[2]

"[W]here Congress uses terms that have accumulated settled meaning under . . . the common law, a court must infer, unless the statute otherwise dictates, that Congress means to incorporate the established meaning of these terms." *Field v. Mans*, 516 U.S. 59, 69 (1995); *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 322 (1992).  Under the common law,

---

[2]Notice and hearing are required where involuntary "for cause" removal pursuant to 11 U.S.C. § 324 is invoked, *see, e.g.*, *In the Matter of Chapter 13, Pending and Future Cases*, 19 B.R. 713, 714-17 (Bankr. W.D. Wash.1982) (stating that notice and hearing is required and cause for removal must be shown when a standing trustee for Chapter 13 case is removed for cause (citing 11 U.S.C. § 324)), but there is no indication anywhere that such measures are necessary for acceptance of a voluntary resignation.

"removal" means "the dismissal from office," whereas "resignation" means "renouncement or relinquishment of an office." BLACK'S LAW DICTIONARY 1295, 1310 (6th ed.1990). Under the terms of this discussion, it is conceded that the resignation at issue is "voluntary" and, therefore, distinct from removal, to the extent that the latter, implicitly, if not explicitly, contains an element of involuntariness.  Consistent with these understandings, Congress has consistently treated resignation and removal as distinct events, both under the Bankruptcy Code, *see* 11 U.S.C. §§ 703(a) and 1104(d), and under Bankruptcy Rule 2012(b).

Scrutiny of the specific provision governing involuntary removal, 11 U.S.C. § 324, reveals that it does not control the administration of a trustee's voluntary resignation.  11 U.S.C. § 324 states:

(a) The Court, after notice and a hearing, may *remove* a trustee, other than the United States trustee, or an examiner, *for cause.*

(b) Whenever the court *removes* a trustee or examiner under subsection (a) in a case under this title, such trustee or examiner shall thereby be removed in all other cases under this title in which such trustee or examiner is then serving unless the court orders otherwise.

11 U.S.C. § 324 (emphasis added).  11 U.S.C. § 324 governs "for cause" removal, which implies involuntary termination based on some fault or shortcoming of the person being removed.  The phrase "for cause" is not defined in the Bankruptcy Code.  According to Black's Law Dictionary:

With respect to removal from office, "for cause" means for reasons which law and public policy recognize as sufficient warrant for removal and such cause is "legal cause" and not merely a cause which the appointing power in the exercise of discretion may deem sufficient . . . The cause must be one in which the law and sound

public policy will recognize as a cause for official [sic] no longer occupying his office.

BLACK'S LAW DICTIONARY 644 (6th ed.1990) (citations omitted).

It is possible that some fault or shortcoming of a trustee could lie at the heart of her decision to voluntarily resign. That fault or shortcoming may, therefore, be the moving force behind the trustee's private policy. Nonetheless, such a coincidence would not vitiate the understanding that the cause of such a voluntary resignation and, more importantly, the force behind the decision to resign, lies in the trustee's own reasons.[3] In this way, public policy is neither the cause nor the *because of* underlying the resignation.

For these reasons, 11 U.S.C. § 324, the "for cause" removal provision, does not limit the authority of the UST, whether that authority is derived from a statutory scheme or the common law, to the extent that that authority governs the administration of a trustee's voluntary resignation.

### D. Application of 28 U.S.C. § 586(b)

Having determined that 11 U.S.C. § 324 does not negate, or even act upon, the authority of a UST to accept the voluntary

---

[3] The bankruptcy court may be correct when it states: "By definition 'for cause' contemplates considerations of public policy and law, which considerations would not, and could not, be addressed if a trustee were simply permitted to resign without notice to interested parties and without the opportunity for a hearing, which by necessity involves the Court." *In re Dale Brookover*, 259 B.R at 891. The considerations of public policy and law, however, are directly connected to the "cause" for the removal, and not the effect of the removal. The rationale underlying the necessity for due process-like procedures in a removal "for cause" is, therefore, inapplicable to a voluntary resignation where the "because" is not an issue. At the hearing in this case, no suggestion was made by any participant that Demczyk had done anything other than commendable work. *See* J.A. at 35.

---

resignation of a trustee, our attention shifts to the examination of 28 U.S.C. § 586(b) as a potential positive source of that authority. Section 586(b) states, in part: "The [UST] . . . shall supervise any such individual appointed as standing trustee in the performance of the duties of the standing trustee." 11 U.S.C. § 586(b). Some of the additional enumerated duties of the UST include: monitoring plans filed under Chapter 12, appointing a standing trustee under Chapter 12, and monitoring such trustee. 28 U.S.C. § 586. The bankruptcy court reasoned that, because acceptance of trustee resignations is not one of the UST's enumerated duties under 28 U.S.C. § 586, the UST is barred from such a function under the maxim *expressio unius est exclusio alterius*, meaning that the expression of one thing is the exclusion of the other. *In re Dale R. Brookover*, 259 B.R. at 893-94. This reasoning is flawed.

First, as the UST rightly avers, the enumerated duty of the UST to "supervise" is, arguably, broad enough to encompass the administrative authority to accept a trustee's voluntary resignation, particularly when that authority is not expressly withheld. *See Carlucci*, 488 U.S. at 99.

Second, the Bankruptcy Code requires the UST to appoint a qualified successor trustee who is automatically substituted in the case, with no abatement of any pending action or proceeding. 11 U.S.C. § 325.[4] Where there is no Bankruptcy

---

[4] Chapters 7 and 11 of the Code expressly refer to the UST's role in appointing a successor trustee who "dies," or "resigns," or "is removed," whereas Chapters 12 and 13 do not. It was necessary to specify the UST's role in appointing individual successor trustees under Chapters 7 and 11 because that role, unlike its Chapters 12 and 13 parallel, is contingent – in Chapter 7, on whether the creditors have exercised their right to elect a trustee, *see* 11 U.S.C. § 703, and in Chapter 11, on whether the court ordered appointment of a trustee in the first instance. *See* 11 U.S.C. § 1104(d). The absence of an express provision, designed to deal with a specific contingency in different Chapters, does not impact Chapter 12, where that specific contingency is not at issue. "[It is] hornbook teaching that 'the provisions of chapters 7, 9, 11, and 13 do not apply in chapter 12

Code provision or Bankruptcy Rule assigning the duty to accept the prior trustee's resignation to the court, it is entirely consistent with congressional intent to find that the authority to accept the resignation lies in common with the authority to fill the vacancy left by that resignation.

Third, the acceptance of trustee resignations is entirely consistent with the UST's other statutorily assigned duties for the appointment, supervision, and general administrative management of trustees. *Richman*, 48 F.3d at 1143-44 ("Allowing the same nonjudicial body to both appoint and terminate the appointment of standing trustees was consistent with the legislative intent for the statutory scheme for the appointment and removal of standing trustees; the cronyism and appearance of impropriety that the legislature sought to remedy was the old system which had standing trustees appearing before the judges who appointed them. 11 U.S.C.A. § 324(a, b); 28 U.S.C.A. § 586(b)"). Moreover, imputing such a role to the courts is contrary to the common law rule and defeats the dominant purpose of Congress in creating the office of the United States Trustee – that is, to take over the administration of bankruptcy cases, including the management of case trustees, from the courts. Likewise, the congressional intent to "to strip bankruptcy courts of their administrative role so that they could better perform their judicial tasks," *Richman*, 48 F.3d at 1144, militates against the bankruptcy court's intervention to the extent that the intervention sprang from its presumed authority to regulate the trustee as an "officer of the court."

Judicial intervention in a trustee's voluntary resignation, based on the premise that a trustee is an "officer of the court," is unsound for several additional reasons. As an initial matter,

_____

cases unless specifically incorporated by a particular section of chapter 12.'" *In re Dale R. Brookover*, 259 B.R. at 890, n. 9 (quoting 8 COLLIER ON BANKRUPTCY § 1200.02[2] (15th ed.)). At the same time, the contention that the UST wields the sole authority to appoint and supervise successor Chapter 12 trustees is undisputed.

a bankruptcy trustee is not appointed by the court, is not a court employee or official, and is specifically not required to be a lawyer. *See* 28 U.S.C. § 586(d); 28 C.F.R. §§ 58.3(b) & 58.4(b). Rather, the trustee is a private individual appointed by the Executive Branch to perform a public office under the Bankruptcy Code.

Furthermore, a court's inherent power to manage proceedings is limited. In this case, Congress has deliberately taken administrative responsibility for trustees away from courts and placed it with the UST. 28 U.S.C. § 586. The Bankruptcy Code already requires the UST to appoint a qualified successor trustee who is automatically substituted in the case, with no abatement of any pending action or proceeding. 11 U.S.C. § 325. Finally, although Demczyk is an attorney, he is not acting as an attorney in this case, and, therefore, Ohio disciplinary rule DR 2-110 and Ohio Local Civil Rule 83.9, which were cited by the bankruptcy court and require court permission for an attorney to withdraw from representation of a client in a pending proceeding, are not applicable.

Accordingly, if any provision, explicitly or implicitly, governs the acceptance of a voluntary resignation, it is 28 U.S.C. § 586(b).

### E. Under the Common Law, the Authority to Accept the Resignation Resides with the Person or Body Having Authority to Appoint a Successor

The Bankruptcy Code and Bankruptcy Rules explicitly mandate how a trustee may be removed but not how a trustee may voluntarily resign. The absence of an express mandate in the Bankruptcy Code and Bankruptcy Rules on the issue of voluntary resignation may indicate that, as discussed above, the power to accept the voluntary resignation of a trustee is contained in the UST's supervisory authority pursuant to 28 U.S.C. § 586(b). Alternatively, the power to appoint a successor without an abatement in the proceedings, or any

judicial oversight, may subsume the power to accept the voluntary resignation of the predecessor. 11 U.S.C. § 325; Bankr. Rule 2012(b) ("[w]hen a trustee dies, resigns, is removed, or otherwise ceases to hold office during the pendency of a case under the [Bankruptcy] Code . . . the successor is automatically substituted."). Under either proposition, the trustee's choice to resign is, to the eyes of the court, a black box.

If the authority to terminate, which is by definition an involuntary process, is implicit in the power of appointment, then there is no logical or statutory barrier to a finding that the authority to accept a resignation, which is by implication voluntary or at least less involuntary than removal, is likewise implicit in the power to appoint the successor trustee. *Richman*, 48 F.3d at 1143-44 (10th Cir. 1995) ("[T]ermination authority was implicit in the statutory power of appointment." 28 U.S.C. § 586(b) (citations omitted)). Moreover, if the statutory authority to remove can be contained within the power to appoint, it would be unsound to say that, where the UST holds the authority to appoint the successor, and the power to appoint the successor is not judicially supervised, the UST does not have the power to accept the voluntary resignation of the predecessor. *Carlucci v. Doe*, 488 U.S. at 99 (statutory power to appoint implicitly encompasses power to remove, unless the statute specifically denies such power).[5] The common law, recognizing this verity, has long held that, absent an express statutory provision to the contrary, a public officer has the right to resign and the authority to accept the resignation resides with the person or body having authority to

appoint the successor. *See Rockingham County*, 35 F.2d at 306.

Whether viewed directly through 28 U.S.C. § 586(b) or the prism of the common law, the light of the law falls squarely upon a single conclusion: the authority to accept the voluntary resignation of a bankruptcy trustee is vested entirely within the purview of the UST's congressionally conferred authority. Where, as is the case here, a common law principle is well-established, the courts may take it as given that Congress has legislated with an expectation that the principle will apply except "when a statutory purpose to the contrary is evident." *Solimino*, 501 U.S. at 108. No statutory purpose to the contrary is present in this case. Accordingly, the UST has the authority to accept the voluntary resignation of a bankruptcy trustee in a pending case, and the law does not require the decision to be submitted to the bankruptcy court for approval. Thus, the bankruptcy court's ruling requiring a motion, evidentiary hearing, and a judicial determination to decide whether a bankruptcy trustee who wishes to resign voluntarily is justified in so doing is not supported by law.

### III. CONCLUSION

For the reasons stated above, the judgment of the district court affirming the bankruptcy court's ruling is **REVERSED**, and the case is **REMANDED** for further proceedings consistent with this opinion.

---

[5] Even where courts are vested with the power to remove a trustee, that power has been held not to be exclusive. *See Richman*, 48 F.3d at 1143 (explaining the Bankruptcy Code section providing that court may remove trustee for cause and that the removal for cause . . . did not preclude the United States Trustee, as the party with the power of appointment, from removing standing Chapter 12 and Chapter 13 trustee. 11 U.S.C.A. § 324(a, b); 28 U.S.C.A. § 586(b)).