[This opinion has been published in *Ohio Official Reports* at 74 Ohio St.3d 134.]

[THE STATE EX REL.] MINOR, APPELLANT, *v.* ESCHEN, FINANCE DIR., APPELLEE.

[Cite as *State ex rel. Minor v. Eschen*, 1995-Ohio-264.]

*Mandamus to compel reinstatement of classified civil service employee terminated after being found guilty of theft to city of Norwalk payroll, an award of back wages, and restoration of sick leave, medical insurance, and retirement benefits—Writ granted compelling reinstatement to city payroll and cause remanded to court of appeals for determination of award of back pay and benefits.*

(No. 95-521—Submitted September 12, 1995—Decided November 29, 1995.)

APPEAL from the Court of Appeals for Huron County, No. H-94-37.

_____

{¶ 1} In 1977, appellant, Donald R. Minor, was hired as a general laborer in the Park and Recreation Department of the city of Norwalk. Minor was a classified civil service employee of the city. On February 18, 1994, while still employed with the Norwalk Park and Recreation Department, Minor entered a Norwalk grocery store and allegedly took cigarettes without paying for them. On February 22, 1994, the Mayor of Norwalk, Louis Frey, suspended Minor indefinitely without pay. Six days later, following a hearing before Norwalk Fire Chief Robert Bores at which Minor invoked his Fifth Amendment right against self-incrimination concerning the theft allegation, Frey terminated Minor's employment.

{¶ 2} On March 22, 1994, Minor pleaded no contest to a theft charge and was found guilty. Minor was fined $150 and given a suspended sentence. On March 24, 1994, the Norwalk Board of Park Commissioners, also known as the

Norwalk Park and Recreation Board ("park board"), voted unanimously to suspend Minor for fifteen working days without pay.

{¶ 3} On April 5, 1994, Minor's attorney requested appellee, Norwalk Finance Director Diane Eschen, to restore Minor to the municipal payroll at the conclusion of his park board suspension. Eschen, the chief municipal officer in charge of administering the payroll, declined to respond based upon the advice of Norwalk Law Director Daniel M. Kasaris. Frey and Kasaris's position was that Minor would be sent home if he showed up for work at the end of his park board suspension.

{¶ 4} Minor appealed his February 25, 1994 termination by Frey to the State Personnel Board of Review, but the appeal was subsequently dismissed because the board lacks jurisdiction over municipal employees. Minor never appealed Frey's termination order to the Norwalk Civil Service Commission.

{¶ 5} In October 1994, Minor instituted an action in the Court of Appeals for Huron County for a writ of mandamus compelling Eschen to restore him to the city payroll, and provide him with back pay during the period of his alleged wrongful removal. The parties filed motions for summary judgment and an agreed statement of facts, which included a stipulation concerning back wages and other benefits. The court of appeals granted Eschen's motion for summary judgment and denied Minor's request for a writ of mandamus.

{¶ 6} The cause is now before this court upon an appeal as of right.

_____

*Buckingham, Holzapfel, Zeiher, Waldock & Schell Co., L.P.A.,* and *John D. Latchney*, for appellant.

*Daniel M. Kasaris*, Norwalk Law Director, for appellee.

_____

COOK, J.

{¶ 7} In order to be entitled to a writ of mandamus, Minor must establish (1) a clear legal right to be restored to the municipal payroll and to an award of back pay, (2) a corresponding clear legal duty to perform such acts on the part of Eschen, and (3) the lack of a plain and adequate remedy at law. *State ex rel. Carter v. Wilkinson* (1994), 70 Ohio St.3d 65, 637 N.E.2d 1. Before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the nonmoving party. *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 219, 631 N.E.2d 150, 152.

{¶ 8} Minor asserts in his second, third, and fourth propositions of law that the court of appeals erred in granting Eschen's motion for summary judgment and denying the writ of mandamus. The court of appeals determined that it was unnecessary to reach the issue of whether the park board or the mayor had the legal right to discipline and terminate park and recreation department employees because Minor possessed an adequate remedy for his alleged wrongful suspension and termination by Frey via appeal to the Norwalk Civil Service Commission.

{¶ 9} A writ of mandamus will not be issued when there is a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05. In order for an alternate remedy to be considered adequate, the remedy must be complete, beneficial and speedy. *State ex rel. Chavis v. Sycamore City School Dist. Bd. of Edn.* (1994), 71 Ohio St.3d 26, 33, 641 N.E.2d 188, 195. Mandamus is generally not available as a substitute for civil service appeals, so that before a writ of mandamus will issue compelling a classified employee's reinstatement and/or back pay, a final determination is required in an appeal from the State Personnel Board

of Review, a local civil service commission, or other quasi-judicial authority that the employee was wrongfully excluded from employment. *State ex rel. Nichols v. Cuyahoga Cty. Bd. of Mental Retardation & Dev. Disabilities* (1995), 72 Ohio St.3d 205, 208, 648 N.E.2d 823, 825-826; *State ex rel. Weiss v. Indus. Comm.* (1992), 65 Ohio St.3d 470, 476, 605 N.E.2d 37, 41.

{¶ 10} R.C. 124.34 provides:

"In any case of reduction, suspension of more than three working days, or removal, *the appointing authority shall furnish* such [classified] employee with *a copy of the order* of reduction, suspension, or removal, which order shall state the reasons therefor. ***

"*Within ten days following the filing of such order, the employee may file an appeal,* in writing, *with* the state personnel board of review or *the commission.*" (Emphasis added.)

{¶ 11} It is uncontroverted here that Minor did not file an appeal with the Norwalk Civil Service Commission within ten days after Frey issued his orders initially suspending and ultimately terminating Minor's employment. As noted by the court of appeals, the mere fact that Minor failed to timely pursue an appeal to the commission does not render that remedy inadequate. *State ex rel. Nichols, supra,* 72 Ohio St.3d at 209, 648 N.E.2d at 826-827; *State ex rel. Schneider v. N. Olmsted City School Dist. Bd. of Edn.* (1992), 65 Ohio St.3d 348, 350, 603 N.E.2d 1024, 1026.

{¶ 12} However, Minor's main claim both below and on appeal is that Frey was not his "appointing authority." "Appointing authority" means the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board, or institution. R.C. 124.01(D).

{¶ 13} Eschen asserts that an appeal to the civil service commission would have been complete, beneficial and speedy because the commission "has the

4

authority to overturn the Mayor's actions and restore *** Minor to the payroll." However, if Minor is correct, Frey's orders are void and the commission lacked jurisdiction to consider any appeal from these orders. Thus, the commission would lack authority to reinstate Minor or award him back pay. See *Martin v. Bellefontaine* (1979), 64 Ohio App.2d 170, 18 O.O.3d 134, 412 N.E.2d 421 (holding that only the order of suspension or removal rendered by the appointing authority is appealable to the municipal civil service commission).

{¶ 14} Under these circumstances and because Minor's claim to continued employment was premised solely on the appointing authority issue, appeal to the civil service commission would not constitute an adequate remedy at law. See *State ex rel. Carver v. Hull* (1994), 70 Ohio St.3d 570, 577, 639 N.E.2d 1175, 1182 (civil service appeal does not constitute an adequate remedy which precludes extraordinary relief in mandamus where the State Personnel Board of Review lacks jurisdiction to determine recall rights). Therefore, the court of appeals erred in concluding that it was not necessary for it to reach the issue of whether Frey had the legal right to suspend and terminate Minor's employment when it denied the writ based upon the availability of a civil service appeal. Based on the foregoing, Minor's second, third and fourth propositions of law are sustained to this limited extent.

{¶ 15} Minor asserts in his first proposition of law that the park board, not the mayor, was his proper appointing authority, so that he was entitled to resume his employment with the park and recreation department following his fifteen-day suspension by the park board.

{¶ 16} Eschen claims that the court "cannot consider facts [on appeal] not considered by the trier of fact when it rendered its decision" and "cannot rule upon who had the authority to fire whom." However, our plenary authority in extraordinary actions permits us to consider the instant appeal as if it had been originally filed in this court. *State ex rel. Natalina Food Co. v. Ohio Civ. Rights*

*Comm.* (1990), 55 Ohio St.3d 98, 99, 562 N.E.2d 1383, 1384; *State ex rel. Pressley v. Indus. Comm.* (1967), 11 Ohio St.2d 141, 40 O.O.2d 141, 228 N.E.2d 631, paragraph ten of the syllabus. We choose to exercise our discretion and decide if either Minor or Eschen is entitled to judgment as a matter of law under Civ.R. 56.

{¶ 17} The Home Rule Amendment to the Ohio Constitution governs the respective roles of the state and its municipalities. Section 3, Article XVIII, Ohio Constitution. In matters of local self-government, if a portion of a municipal charter expressly conflicts with parallel state law, the charter provisions will prevail. *State ex rel. Fenley v. Kyger* (1995), 72 Ohio St.3d 164, 165, 648 N.E.2d 493, 494; Sections 3 and 7, Article XVIII, Ohio Constitution.

{¶ 18} "'Municipal charters are to be so construed as to give effect to all separate provisions and to harmonize them with statutory provisions whenever possible. In the absence of circumstances requiring otherwise, language used in a municipal charter is to be construed according to its ordinary and common usage.'" *State ex rel. Paluf v. Feneli* (1994), 69 Ohio St.3d 138, 142, 630 N.E.2d 708, 711, quoting 1 Gotherman & Babbit, Ohio Municipal Law (2 Ed.1992) 55, Section T 4.39.

{¶ 19} Section 2.03(a) Article II of the Norwalk Charter provides that "*[s]ubject to the provisions of this Charter and the provisions of general law relating to Civil Service in municipalities*, the Mayor shall have the power to appoint, promote, discipline, transfer, reduce or remove any non-elected officer or employee of this City." (Emphasis added.) The mayor's power of appointment, discipline, and removal of municipal employees is thus expressly subject to other charter and general law provisions.

{¶ 20} The park board has powers designated by ordinance and general law. Section 6.08, Article VI, Norwalk Charter. The "general law" includes applicable provisions of the Ohio Constitution and other state law. Section 10.08, Article X, Norwalk Charter. The park board controls and manages parks. R.C. 755.05;

Section 159.04 of the Norwalk Codified Ordinances. Former Section 159.05 of the Norwalk Codified Ordinances, as in effect at the time of Frey's suspension and termination of Minor, provided that the park board had the authority to "employ a secretary, general superintendent, engineer, clerks and other such employees necessary for carrying into effect the proper and necessary purposes of its creation and shall fix the rate of compensation and term of service of its employees." Park laborers like Minor were governed by rules and regulations as determined and fixed by the park board. Former Section 159.10 of the Norwalk Codified Ordinances. The foregoing ordinances are consistent with R.C. 755.09, which provides that the park board "shall fix the compensation and term of service" of its employees.

{¶ 21} The applicable charter provisions, ordinances, and Revised Code sections expressly give the park board the power to employ persons and fix their compensation and terms of service. Although these provisions do not expressly grant the park board the power to discipline or remove its employees, the power to appoint without interference also implies the power to discharge. *State ex rel. Ryan v. Kerr* (1932), 42 Ohio App. 19, 28, 181 N.E. 546, 549, affirmed (1932), 126 Ohio St. 26, 183 N.E. 535. In other words, the power of removal is regarded as incident to the power of appointment. See *Underwood v. Waddell* (S.D.Ind.1990), 743 F.Supp. 1291, 1298, and cases cited therein; see, also, *Adamczyk v. Caledonia* (1971), 52 Wis.2d 270, 274, 190 N.W.2d 137, 139 (power to appoint and fix compensation implies power to remove).

{¶ 22} Accordingly, the park board possessed the power not only to employ Minor and fix his compensation and term of service, but additionally to discipline and remove him. Since Frey's powers under the Norwalk Charter did not include authority over park board employees like Minor, Frey lacked authority to first suspend and later terminate Minor. The park board was Minor's appointing authority, and Eschen had a clear legal duty to place Minor back on the municipal payroll following his fifteen-day park board suspension.

**{¶ 23}** The foregoing conclusion is also supported by the affidavits of three of Frey's predecessors, who stated that during their tenures as mayor, the park board, not the mayor, had the authority to hire, promote, suspend, discipline, and/or terminate park and recreation department employees.

**{¶ 24}** The court of appeals erred in failing to grant Minor's motion for summary judgment. Minor's first proposition is sustained.

**{¶ 25}** Accordingly, the judgment of the court of appeals is reversed, and a writ of mandamus is granted compelling Minor's reinstatement to the city payroll. As to the award of back pay and benefits, the cause is remanded to the Court of Appeals for Huron County. On remand, the court shall calculate the appropriate period for the award of back pay and benefits, taking into consideration any change in circumstances occurring during the course of these proceedings such as Minor's acceptance of other employment.

> *Judgment reversed,*
> *writ granted,*
> *and cause remanded.*

MOYER, C.J., DOUGLAS, WRIGHT, F.E. SWEENEY and PFEIFER, JJ., CONCUR.

RESNICK, J., not participating.

———————————