OPINION
Appellant, Gerald R. Vicha, appeals a decision of the Portage County Court of Common Pleas granting summary judgment in favor of appellee, City of Streetsboro, in a case involving the termination of appellant's employment as the Fire Chief for appellee. The following facts are relevant to a determination of this appeal.
In April 1992, appellant was appointed part-time Fire Chief for the City of Streetsboro by the Mayor of Streetsboro. In June 1995, appellant was made full-time Fire Chief. As Fire Chief, appellant was a member of the classified civil service of the city. In July 1998, appellant was notified that unless he submitted his resignation, the Streetsboro City Council would sponsor, and pass, an ordinance removing him from his position as Fire Chief. Appellant refused to resign so, on July 27, 1998, the Streetsboro City Council, by a three-fourths vote of its members, decided to terminate appellant as Fire Chief. Council did not file a copy of the ordinance terminating appellant with the Streetsboro Civil Service Commission and, additionally, appellant was denied the opportunity to appeal the decision to the civil service commission.
Prior to his termination, appellant filed a declaratory judgment action in the trial court. After his termination, appellant filed a second action. These matters were consolidated for all purposes. Both sides filed motions for summary judgment and, on September 22, 1998, the trial court granted summary judgment in favor of the City of Streetsboro while overruling appellant's motion for summary judgment.
Appellant timely filed a notice of appeal with the following assignment of error:
 "The trial court erred to the prejudice of plaintiff-appellant as a matter of law in granting the appellee-City of Streetsboro's motion for summary judgment and denying the appellant-plaintiff's motion for summary judgment."
In his sole assignment of error, appellant contends that the trial court erred in granting the City of Streetsboro's motion for summary judgment and in denying his motion for summary judgment. Appellant asserts that under R.C. Chapter 124, he was entitled to certain protections afforded classified civil servants in Ohio. Specifically, he argues that he could not be terminated without just cause and, additionally, that he was entitled to a post-termination appeal to the Streetsboro Civil Service Commission.
While R.C. 124.34 requires notice of a hearing and a finding of just cause to terminate a classified civil servant, it is appellee's contention that because Streetsboro adopted a charter style of government in 1971, it may adopt its own rules which supersede state law. The Ohio Constitution expressly allows a city to adopt a charter form of government and, pursuant to that charter, it may exercise all powers of local self-government. Section 7, Article XVIII, Ohio Constitution.
Pursuant to Section 2.02 of the Streetsboro Charter, the powers of the City of Streetsboro "shall be exercised in the manner prescribed in this Charter, or, if not prescribed herein, in such manner as Council may determine, or, unless a contrary intent appears in this Chapter or in the enactments of Council, in such manner as may be provided by the laws of Ohio." Additionally, with respect to the removal of the Fire Chief, Section 8.07 of the Streetsboro Charter provides:
 "The Safety Direction, Police Chief or Fire Chief may be removed from office by the Mayor if a majority of Council approve such removal by vote at a regularly scheduled meeting of Council. Any officer mentioned in this section may be removed from office by a three-fourths (3/4) affirmative vote of Council." (Emphasis added.)
Section 13.01 of the Streetsboro Charter, which first establishes a Civil Service Commission, then provides that "[t]he provisions of the laws of Ohio regarding selection, promotion, demotion, discipline and removal shall be applicable except as otherwise provided by this Charter or by Council ordinance."
In the present case, the City of Streetsboro clearly had the authority under its home rule powers to decide what procedures should be utilized in removing a Fire Chief from office. Moreover, the Supreme Court of Ohio has held:
 "The Home Rule Amendment to the Ohio Constitution governs the respective roles of the state and its municipalities. Section 3, Article XVIII, Ohio Constitution. In matters of local self-government, if a portion of a municipal charter expressly conflicts with parallel state law, the charter provisions will prevail. State ex rel. Fenley v. Kyger (1995), 72 Ohio St.3d 164, 165, 648 N.E.2d 493, 494; Sections 3 and 7, Article XVIII, Ohio Constitution." State ex rel. Minor v. Eschen (1995), 74 Ohio St.3d 134, 138.
Through Section 8.07 of the Streetsboro Charter, appellee, by action of a "super-majority" (three-fourths) of the council had the unqualified right to remove appellant as Fire Chief, without any action by the Mayor, and without a finding of just cause. To the extent that this provision conflicts with any state statute, this Charter provision prevails. Thus, while appellant would be entitled to certain procedural safeguards under state statutory law, he was not entitled to those safeguards under the Charter laws of the City of Streetsboro.
Similarly, while Section 167.11 of the Administrative Code of the City of Streetsboro provides for notice, a reason for removal, and the right to appeal for anyone in classified service who is removed from their job, it clearly conflicts with Section 8.07 of the Streetsboro Charter and, therefore, is not controlling. Section 8.07 applies solely to the Safety Director, the Police Chief, and the Fire Chief. Any other city employees would presumably fall within the ambit of Section 167.11 of the Administrative Code. We also note that while the Streetsboro Charter does not include stringent due process requirements, the actual procedure utilized in this case complied with minimum due process requirements since appellant was given notice and an opportunity to appear before council and be heard.
Accordingly, based upon the foregoing analysis, the trial court properly granted summary judgment in favor of the City of Streetsboro because, as a matter of law, appellant was discharged in accordance with appellee's Charter provisions which supersede state statutes. Hence, appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.
 __________________________________ JUDGE MARY CACIOPPO, Ret., Ninth Appellate District, sitting by assignment.
FORD, P.J., CHRISTLEY, J., concur.