JOURNAL ENTRY AND OPINION
Pamela K. Wildermuth, the relator, has filed a complaint for a writ of prohibition through which she seeks an order which prevents Judge Cheryl S. Karner, the respondent, from proceeding to trial in the underlying divorce action captioned Dennis C. Wildermuth v. Pamela K. Wildermuth, Cuyahoga County Domestic Relations Case No. DR 99-268480. Wildermuth and Judge Karner have filed competing motions for summary judgment per Civ.R. 56(C). For the following reasons, we grant Wildermuth's motion for summary judgment, in part, and grant Judge Karner's motion for summary judgment, in part.
On July 14, 1999, Wildermuth's husband, Dennis C. Wildermuth, filed a complaint for divorce in the Cuyahoga County Domestic Relations Court. Wildermuth filed an answer and counterclaim for divorce. Following several continuances, the matter was set for trial on March 29, 2001. Wildermuth, on March 5, 2001, filed a petition for bankruptcy in the United States Bankruptcy Court, Northern District of Ohio, pursuant to Chapter 7 of the Federal Bankruptcy Act. On March 28 2002 Wildermuth filed a complaint for a writ of prohibition and an application for an alternative writ of prohibition. On March 28, 2001, this Court granted Wildermuth's application for an alternative writ of prohibition. This Court provided as follows:
 "* * * the respondent is prohibited from proceeding to trial in the underlying case * * *. In addition, the respondent is prohibited from entering any order which dismisses, with or without prejudice, the underlying action * * *. All prior orders, as issued by the respondent in the underlying action of Wildermuth v.Wildermuth, supra, shall remain in full force and effect. * * *"
On April 30, 2001, Judge Karner filed her motion for summary judgment. On May 30, 2001, Wildermuth filed her own motion for summary judgment/brief in opposition to Judge Karner's motion for summary judgment.
In order for this court to issue a writ of prohibition, Wildermuth must establish that: (1) the trial judge is about to exercise judicial power; (2) the exercise of such judicial power by the trial judge is unauthorized by law; and (3) the denial of the writ of prohibition will cause injury for which no other adequate remedy exists in the ordinary course of the law. State ex rel. Barclays Bank PLC v. Hamilton Cty. Courtof Common Pleas (1996), 74 Ohio St.3d 536, 660 N.E. 458; State ex rel.Largent v. Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. An adequate remedy at law will preclude relief in prohibition. State ex rel. Lesherv. Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382; State ex rel.Sibarco Corp. V. City of Berea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428. Furthermore, prohibition does not lie unless Wildermuth clearly demonstrates that the trial judge has no jurisdiction of the cause to be adjudicated or the trial judge is about to exceed the court's jurisdiction. State ex rel. Ellis v. McCabe (1941), 138 Ohio St. 417,35 N.E.2d 571. Finally, prohibition must be used with great caution and should not be issued in a doubtful case. State ex rel. Merion v.Tuscarawas Cty. Court of Common Pleas (1940), 137 Ohio St. 273,28 N.E.2d 641; Reiss v. Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447.
In the case sub judice, it is abundantly clear that Judge Karner is about to exercise jurisdiction in a domestic relation matter as commenced through a complaint for divorce originally filed by Dennis C. Wildermuth and a cross-complaint for divorce as filed by Wildermuth. It is also clear that Judge Karner possesses the necessary jurisdiction to preside over the complaint for divorce as filed in Cuyahoga County Domestic Relations Case No. DR 99-268480.
Wildermuth's filing of a petition for bankruptcy in the United States Bankruptcy Court, Northern District of Ohio, pursuant to Chapter 7 of the Federal Bankruptcy Act, effectuated an automatic stay to prevent any creditor from taking any actions regarding the creation, perfection, or enforcement of any debt, lien, or judgment. Section 362(a), Title 11, U.S. Code; State ex rel. Miley v. Parrott (1996), 77 Ohio St.3d 64,671 N.E.2d 24. The automatic stay provision of section 362(a), Title 11, U.S. Code, however, does not automatically stay many of the aspects of a divorce action such as dissolution of the marriage, child custody issues, spousal support, child support, or an action for the collection of support from property that is not part of the estate. See Section 362(b), Title 11, U.S. Code; State ex rel. Miley v. Parrott, supra; Lalliv. Lalli (Mar. 16, 2001), Ashtabula App. No. 98-A-0096, unreported: In reRopberge (Bkrtcy. Ct. E.D. Va. 1995), 181 B.R. 854; 3 Spike, Ohio FamilyLaw and Practice (1994) 200, Section 41.11. In effect, the automatic stay provision of Section 362(a), Title 11, U.S. Code, when applied to a divorce action, is applicable only to the division and award of marital assets and property. McLeod v. McLeod (Dec. 14, 2000), Cuyahoga App. No. 77300, unreported; In re Hohenberg (Bkrtcy W.D. Tenn. 1992), 143 B.R. 480;In re Bamman (Bkrtcy. W.D. Mo 1999) 239 B.R. 560.
Upon application of Section 362(a), Title 11, U.S. Code and precedential case law, we find that Judge Karner possesses the necessary jurisdiction to proceed to trial, in the matter of Wildermuth v.Wildermuth, Cuyahoga County Domestic Relations Case No. DR 99-268480, with regard to the issues of dissolution of the marriage, spousal support, the collection of spousal support from property that is not part of the estate, child support, the collection of child support from property that is not part of the estate, and child custody. Conversely, Section 362(a), Title 11, U.S. Code, through the automatic stay provision, prevents Judge Karner from dividing and awarding the marital assets of the marriage. In the case sub judice, prohibition lies solely with regard to the division and award of marital assets. Finally, we find that there exists no other adequate remedy in the ordinary course of the law. State ex rel. Minor v. Eschen (1995), 74 Ohio St.3d 134,656 N.E.2d 940.
Accordingly, we grant Judge Karner's motion for summary judgment, in part, and allow the proceedings to continue in the underlying action with regard to the issue of dissolution of the marriage, spousal support, child support, and child custody. We also grant Wildermuth's motion for summary judgment, in part, and issue a writ of prohibition which prevents Judge Karner from dividing and awarding the marital assets of the marriage in the underlying action. Said writ of prohibition is to immediately expire once Wildermuth's bankruptcy proceeding has been concluded or the automatic stay is lifted per order of the United States Bankruptcy Court, Northern District of Ohio. In addition, the alternative writ of prohibition, as granted by this Court on March 22, 2001, is ordered vacated.
It is further ordered that the Clerk of the Eighth District Court of Appeals shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58 (B) Parties to share costs.
Writ granted in part.
 ________________ KARPINSKI, A.J.:
 ANNE L. KILBANE. J., and FRANK D. CELEBREZZE. JR. J. CONCUR.