HOLBEN, Appellee,

v.

OHIO STATE MEDICAL BOARD, Appellant.

[Cite as *Holben v. Ohio State Med. Bd.*, 185 Ohio App.3d 463, 2009-Ohio-6323.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 09AP–215.

Decided Dec. 3, 2009.

Moses Law Offices, L.L.C., and Michael A. Moses, for appellee Gary J. Holben.

Richard Cordray, Attorney General, and Timothy M. Miller, Assistant Attorney General, for appellant Ohio State Medical Board.

BRYANT, Judge.

{¶ 1} Appellant, the Ohio State Medical Board, appeals from a judgment of the Franklin County Court of Common Pleas reversing a decision of the State Personnel Board of Review ("SPBR") that dismissed the appeal of appellee, Gary J. Holben, a former employee of the medical board, for lack of jurisdiction under R.C. 124.03(A)(1). The medical board assigns a single error:

> The Common pleas [court] erred when it reversed the decision by the State Personnel Board of Review to dismiss the appeal of Gary Holben.

Because the common pleas court correctly concluded that the decision of the SPBR is contrary to law and lacks reliable, probative, and substantial evidence to support it, we affirm the court's judgment.

## I. Factual and Procedural Overview

{¶ 2} Beginning in February 2005, the medical board employed Holben as a human resources administrator, a classified-employee position within the state civil service. See R.C. 124.01. Holben's direct supervisor was Richard White-house, the medical board's executive director.

{¶ 3} Prior to August 2006, Whitehouse met with Holben on several occasions to discuss Holben's resigning from employment due to the expressed dissatisfaction of the medical board members regarding his job performance. On August 7, 2006, Holben submitted a letter to Whitehouse and the medical board notifying them of his "intent to resign" his employment. Holben's letter indicated that his last working day in the office would be December 22, 2006, and it specified that his resignation would become effective when, on a subsequent date, his vacation and personal-leave balance drew down to eight hours or less.

{¶ 4} In response to Holben's letter, Whitehouse issued a memorandum to Holben on August 7, 2006, acknowledging receipt of his letter of resignation and notifying him that "on behalf of the State Medical Board of Ohio, your resignation has been accepted." Whitehouse promptly notified the medical board's president that he had received and accepted Holben's resignation.

{¶ 5} On November 30, 2006, Holben submitted a letter to Whitehouse and the medical board with the stated purpose "to advise you that I am rescinding my August 7, 2006 letter, which discussed my employment." Explaining that the August letter "was an attempt to resolve issues which had been raised by Mr. Whitehouse," the November letter pointed out that "[a]s you are aware, there was no effective date of my resignation contained therein, and it in no way constituted a relinquishment of my employment."

{¶ 6} Through Whitehouse's memorandum dated December 7, 2006, and a letter of the medical board's attorney dated December 15, 2006, Holben's attempt to rescind his resignation was denied; he was advised that his resignation would become effective on December 22, 2006. Accordingly, Holben's last day of active work status was December 22, 2006, and he was compensated for his remaining leave balances. The record is undisputed that the medical board neither voted on nor passed a resolution to accept Holben's resignation until January 2007.

{¶ 7} Holben filed an appeal with the SPBR, alleging that the medical board had improperly removed him from employment. Following a hearing on the matter, an administrative law judge ("ALJ") issued a report and recommendation that concluded that Holben had voluntarily resigned his employment with the medical board on August 7, 2006. The ALJ, however, also determined that the medical board, which serves as the appointing authority for its employees pursuant to R.C. 4731.05(B), had not conferred any power upon Whitehouse to accept Holben's resignation on the board's behalf. As a result, the ALJ concluded that Holben's resignation was not timely or properly "accepted" prior to his November 30, 2006 rescission.

{¶ 8} Applying *Davis v. Marion Cty. Engineer* (1991), 60 Ohio St.3d 53, 573 N.E.2d 51, the ALJ determined that Holben should have been permitted to rescind or withdraw his resignation on November 30, 2006, as the medical board

neither took any action nor adopted a resolution to accept Holben's resignation until January 2007, after Holben had rescinded his resignation. Concluding that Holben's involuntary separation from employment on December 22, 2006, constituted an improper "de facto removal" under R.C. 124.34, the ALJ recommended that the SPBR disaffirm Holben's removal and reinstate him to his position with back pay and benefits.

{¶ 9} The SPBR adopted the ALJ's finding that Holben had voluntarily resigned, but it rejected the ALJ's recommendation. The SPBR instead concluded that Whitehouse possessed the requisite authority, as the executive director of the medical board, to accept a board employee's resignation and, consistent with that authority, timely and properly accepted Holben's resignation prior to his attempt to rescind it. The SPBR dismissed Holben's appeal, concluding that it lacked jurisdiction over the matter pursuant to R.C. 124.03.

{¶ 10} Holben appealed the SPBR's order to the Franklin County Court of Common Pleas. The court concurred in the ALJ's determination that Whitehouse lacked authority to accept Holben's resignation on behalf of the medical board. Concluding that the SPBR's decision was contrary to law and lacked reliable, probative, and substantial evidence to support it, the common pleas court ordered Holben to be reinstated to his position, with back pay and benefits, effective December 22, 2006. The court thus reversed the SPBR's decision and order. The medical board timely appealed.

## II. Standard of Review

{¶ 11} Under R.C. 119.12, a common pleas court, in reviewing an order of an administrative agency, must consider the entire record to determine whether reliable, probative, and substantial evidence supports the agency's order and the order is in accordance with law. *Univ. of Cincinnati v. Conrad* (1980), 63 Ohio St.2d 108, 110–111, 17 O.O.3d 65, 407 N.E.2d 1265. The common pleas court's "review of the administrative record is neither a trial de novo nor an appeal on questions of law only, but a hybrid review in which the court 'must appraise all the evidence as to the credibility of the witnesses, the probative character of the evidence, and the weight thereof.'" *Lies v. Veterinary Med. Bd.* (1981), 2 Ohio App.3d 204, 207, 2 OBR 223, 441 N.E.2d 584, quoting *Andrews v. Bd. of Liquor Control* (1955), 164 Ohio St. 275, 280, 58 O.O. 51, 131 N.E.2d 390. The common pleas court must give due deference to the administrative agency's resolution of evidentiary conflicts, but "the findings of the agency are by no means conclusive." *Conrad* at 111, 17 O.O.3d 65, 407 N.E.2d 1265. The common pleas court conducts a de novo review of questions of law, exercising its independent judgment in determining whether the administrative order is "in

accordance with law." *Ohio Historical Soc. v. State Emp. Relations Bd.* (1993), 66 Ohio St.3d 466, 471, 613 N.E.2d 591.

{¶ 12} An appellate court's review of an administrative decision is more limited than that of a common pleas court. *Pons v. Ohio State Med. Bd.* (1993), 66 Ohio St.3d 619, 621, 614 N.E.2d 748. The appellate court is to determine only whether the common pleas court abused its discretion. Id.; *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (defining an abuse of discretion). Absent an abuse of discretion, a court of appeals may not substitute its judgment for that of an administrative agency or the common pleas court. *Pons.* An appellate court, however, has plenary review of purely legal questions. *Big Bob's, Inc. v. Ohio Liquor Control Comm.*, 151 Ohio App.3d 498, 784 N.E.2d 753, 2003-Ohio-418, ¶ 15.

### III. Assignment of Error

{¶ 13} The medical board contends that the common pleas court erroneously determined that only the medical board as the statutorily designated appointing authority for its employees, and not the board's executive director acting on the board's behalf, properly could "accept" Holben's resignation. The medical board asserts that the common pleas court's determination is contrary to *Davis,* 60 Ohio St.3d 53, 573 N.E.2d 51, which expressly allows a public employer's agent to accept a public employee's resignation on behalf of the public employer.

{¶ 14} In *Davis,* the Supreme Court of Ohio considered "whether, and under what circumstances, a public employee or officer may withdraw his or her prospective resignation before its effective date." Id. at 54, 573 N.E.2d 51. The court held that "[a] public employee may rescind or withdraw a tender of resignation at any time prior to its effective date, so long as the public employer has not formally accepted such tender of resignation." Id. at paragraph one of the syllabus. The court explained, "Acceptance of a resignation should be in writing, and should encompass some type of affirmative act that clearly indicates that the tender of resignation is *accepted by someone empowered by the public employer to do so.*" (Emphasis added.) Id. at 55, 573 N.E.2d 51, citing *Reiter v. State ex rel. Durrell* (1894), 51 Ohio St. 74, 36 N.E. 943, paragraph one of the syllabus. The court stated that "[a]bsent acceptance in this manner, the public employee should be free to withdraw his or her tender of resignation prior to its purported effective date." *Davis* at 55, 573 N.E.2d 51.

{¶ 15} According to Holben's August 7, 2006 letter tendering his resignation, the resignation would not become effective until sometime after December 22, 2006. Under *Davis,* Holben was free to withdraw his tendered resignation at any

time prior to its effective date so long as "someone empowered" by his public employer had not "formally accepted" the resignation.

{¶ 16} Holben's "public employer" was the medical board, the statutorily designated appointing authority for its employees pursuant to R.C. 4731.05(B). See *Atha v. State Med. Bd. of Ohio* (Mar. 8, 1979), 10th Dist. No. 78AP–448, 1979 WL 208941. An "appointing authority" is "the officer, commission, board, or body having the power of appointment to, or removal from, positions in any office, department, commission, board, or institution." R.C. 124.01(D). See also Ohio Adm.Code 124–1–02(E) and (AA); *State ex rel. Minor v. Eschen* (1995), 74 Ohio St.3d 134, 137, 656 N.E.2d 940. The power to accept a public employee's resignation resides with the entity or person having the authority to appoint or remove the employee. *Fogle v. Carlisle* (Dec. 11, 2000), 12th Dist. No. CA2000–04–037, 2000 WL 1819118; *In re Brookover* (C.A.6, 2003), 352 F.3d 1083. Because the medical board is the appointing authority for its employees, the power to hire and fire board employees and to accept resignations of board employees resides with the board. R.C. 124.01(D); *Minor*; *Fogle*; *Brookover*.

{¶ 17} No statute or administrative rule confers any power upon the executive director of the medical board to hire, fire, or accept resignations of employees. In its appeal to this court, the medical board offered certain documents ostensibly as "supplemental authority" to support its argument that Whitehouse possessed the authority, as its executive director, to accept Holben's resignation on the board's behalf. The proffered documents are "classification specifications" that the director of the Department of Administrative Services apparently created. They describe the essential duties and qualifications for "executive director" positions in state agencies, including the medical board. Although the classification specifications are issued pursuant to statute and administrative rule and under the aegis of R.C. 124.09(A) and Ohio Adm.Code 123:1–7–04, they are not themselves administrative rules. Moreover, because the board failed to present these documents in either the administrative proceedings or the proceedings in the common pleas court, we decline to consider them for the first time in the board's appeal to this court.

{¶ 18} Despite the absence of a statute or rule that grants the medical board's executive director the authority to hire, fire, or accept resignations of employees, the medical board cites two reasons that in the aggregate confer on Whitehouse the power to accept Holben's resignation on behalf of the medical board. Initially, the medical board notes that it appointed Whitehouse as its executive director pursuant to statutory authority granted in R.C. 4731.05(B), which directs the board to appoint an executive director. Second, it points out that the board's annual resolution appointing Whitehouse as its executive director expressly vested him with the authority to act on the board's behalf in personnel actions.

Specifically, the resolution "authorize[s] the executive director to sign, on behalf of the board, any personnel actions, fiscal documents and any disciplinary documents" the medical board otherwise would have to sign "as the appointing authority, following resolution of the board to take such action."

{¶ 19} Premised on the annual-resolution language, the medical board contends that Whitehouse's authority to act on behalf of the board in "personnel actions" extended to accepting employees' tendered resignations. The medical board argues that the common pleas court misinterpreted the board's resolution to mean that each time a medical board employee tenders a letter of resignation, the board must pass a resolution accepting the employee's resignation before Whitehouse can sign a document accepting the resignation on the board's behalf. The medical board argues that such a requirement would impose an unreasonable burden on the board and would make the executive director essentially useless in managing the board's daily operations.

{¶ 20} The medical board's arguments, if accepted, would undermine this court's previous observation that " '[t]he *Davis* Court set a very high standard for the establishment of formal acceptance.' " *Gallagher v. Ross Cty. Sheriff,* 10th Dist. No. 06AP–942, 2007-Ohio-847, 2007 WL 611377, ¶ 25, quoting *Gusman v. Strongsville Bd. of Edn.,* 8th Dist. No. 83042, 2003-Ohio-7077, 2003 WL 23010096, ¶ 24. The standard is not met here. Contrary to the medical board's contention that its yearly resolution appointing Whitehouse as its executive director vested him with the authority to formally accept Holben's resignation on the board's behalf, the resolution authorizes him only "to sign" on the board's behalf in "personnel actions," and to do so only "following resolution of the board to take such action." Because the medical board took no formal action and passed no resolution until January 2007 that authorized Whitehouse to accept Holben's resignation, Whitehouse did not have the authority to accept the resignation on August 7, 2006, on behalf of the medical board. Holben should have been permitted to rescind or withdraw his resignation on November 30, 2006, before the resignation became effective. To the extent that the medical board seeks to vest greater authority in Whitehouse, it may pass a resolution that, unlike its annual resolution, grants such authority to him.

{¶ 21} Because the SPBR wrongly concluded that Whitehouse had the requisite authority, as the executive director of the medical board, to accept Holben's resignation, the common pleas court correctly reversed the SPBR's decision as contrary to law and lacking support of reliable, probative, and substantial evidence. Accordingly, we affirm the common pleas court's judgment.

Judgment affirmed.

SADLER and CONNOR, JJ., concur.