[Cite as *Avon Lake ex rel. Phillips v. Spaetzel*, 2026-Ohio-1104.]

| | | |
|---|---|---|
| STATE OF OHIO | )<br>)ss: | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

CITY OF AVON LAKE, ex rel. GERALD
W. PHILLIPS, et al.

      Appellants

      v.

MARK SPAETZEL, MAYOR OF AVON
LAKE, OHIO, et al.

      Appellees

C.A. No.      25CA012224

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF LORAIN, OHIO
CASE No.     25PC00002

DECISION AND JOURNAL ENTRY

Dated: March 30, 2026

---

FLAGG LANZINGER, Judge.

{¶1} Gerald W. Phillips, William Zimmerman, Mike Wallace, Beth Wallace, Melissa Seljan, Nick Dorman, and Kaye Palacios (collectively, "Appellants") appeal from the judgment of the Lorain County Court of Common Pleas, Probate Division, that dismissed their complaint for lack of subject matter jurisdiction. For the following reasons, this Court reverses and remands the matter for further proceedings consistent with this decision.

I.

{¶2} Appellants filed an action in the Lorain County Court of Common Pleas, Probate Division, seeking to remove the mayor of the City of Avon Lake, Mark Spaetzel, from office for alleged "malfeasance and/or misfeasance" in office. Appellants filed their complaint pursuant to R.C. 733.72, which sets forth a procedure by which a municipal mayor can be removed from office for misfeasance or malfeasance. R.C. 733.72 provides, in part:

When a complaint under oath is filed with the probate judge of the county in which a municipal corporation or the larger part thereof is situated, by any elector of the municipal corporation, signed and approved by four other electors thereof, the judge shall forthwith issue a citation to any person charged in the complaint for his appearance before the judge within ten days from the filing thereof, and shall also furnish the accused and the village solicitor or city director of law with a copy thereof. The complaint shall charge any of the following:

. . .

(C) That a member of the legislative authority or an officer of the municipal corporation has been guilty of misfeasance or malfeasance in office.

{¶3} Relevantly, Avon Lake is a home rule charter municipality under Article XVIII, Section 7 of the Ohio Constitution. Avon Lake's Charter also sets forth a procedure for removing a mayor from office for misfeasance or malfeasance. Specifically, Chapter IV, Section 17 of Avon Lake's Charter provides:

[Avon Lake City Council] may remove the Mayor for gross misconduct, malfeasance, misfeasance or nonfeasance in, or for disqualification for office, or for the conviction while in office of a crime involving moral turpitude, or for the violation of his oath of office. Such removal shall not take place without the concurrence of five (5) members of Council, and until the Mayor shall have been notified in writing of the charges against him, at least ten (10) full days in advance of any hearing upon such charge, and until he or his counsel shall have been given an opportunity to be heard, present evidence and examine witnesses appearing in support of such charge.

{¶4} Avon Lake's Law Director, Gary Ebert, moved to dismiss Appellants' complaint for lack of subject matter jurisdiction under Civ.R. 12(B)(1). Ebert argued that Appellants were "before the wrong adjudicative body" because, under Avon Lake's Charter, claims seeking the removal of the mayor must be heard by the Avon Lake City Council, not the probate court. Ebert alternatively asserted that, if the probate court determined it had subject matter jurisdiction, then he would dismiss the complaint with prejudice "pursuant to his prosecutorial discretion and in the interest of justice."

{¶5} Appellants opposed Ebert's motion to dismiss. Appellants argued that Avon Lake, as a charter municipality, possessed no home rule powers to divest the probate court of jurisdiction over their complaint filed pursuant to R.C. 733.72. Appellants also argued, in part, that Article IV, Section 17 of Avon Lake's Charter can only exist if it does not conflict with R.C. 733.72. Appellants argued that those sections do not conflict and, therefore, concurrent authority exists for the removal of public officials under those sections.

{¶6} The probate court held a hearing on Ebert's motion to dismiss. After the hearing, the probate court granted Ebert's motion to dismiss on the basis that it lacked subject matter jurisdiction over Appellants' complaint. Specifically, the probate court determined that "[t]he mayoral removal provisions in the Avon Lake charter . . . take precedence over removal proceedings located in R.C. 733.72, et seq." The probate court did not address Ebert's alternative argument that he would dismiss the complaint with prejudice pursuant to his prosecutorial discretion.

{¶7} Appellants now appeal the probate court's decision, raising five assignments of error for this Court's review. To facilitate our analysis, this Court will consider Appellants' first, second, third, and fourth assignments of error together.

II.

**ASSIGNMENT OF ERROR I**

**THE TRIAL COURT ERRED WHEN IT GRANTED A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION HOLDING THAT THE HOME RULE POWER OF A CHARTER CITY UNDER ARTICLE 18, SECTION 3 AND [7] OF THE OHIO CONSTITUTION CAN PREEMPT AND ABRIDGE THE SOVEREIGN POWER OF THE STATE OF OHIO UNDER THE OHIO CONSTITUTION AND THE LAWS OF THE STATE OF OHIO ENACTED THEREUNDER, BEING THE PARAMOUNT POWER[.]**

**ASSIGNMENT OF ERROR II**

**THE TRIAL COURT ERRED WHEN IT GRANTED A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION HOLDING THAT THE HOME RULE POWER OF A CHARTER CITY UNDER ARTICLE 18, SECTION 3 AND [7] OF THE OHIO CONSTITUTION, CAN PREEMPT AND ABRIDGE THE SOVEREIGN POWER OF THE STATE OF OHIO OVER THE STATE JUDICIAL SYSTEM AND THE COURTS UNDER ARTICLE 4, SECTION 1 AND 4 OF THE OHIO CONSTITUTION AND THE LAWS ENACTED THEREUNDER, BEING THE PARAMOUNT POWER[.]**

**ASSIGNMENT OF ERROR III**

**THE TRIAL COURT ERRED WHEN IT GRANTED A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION HOLDING THAT THE HOME RULE POWERS OF A CHARTER CITY UNDER ARTICLE 18, SECTION 3 AND [7] OF THE OHIO CONSTITUTION, CAN PREEMPT AND ABRIDGE THE SOVEREIGN POWER OF THE STATE OF OHIO OVER THE REMOVAL OF PUBLIC OFFICERS UNDER ARTICLE 2, SECTION 38 OF THE OHIO CONSTITUTION AND THE LAWS ENACTED THEREUNDER, BEING THE PARAMOUNT POWER[.]**

**ASSIGNMENT OF ERROR IV**

**THE TRIAL COURT ERRED WHEN IT GRANTED A MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION HOLDING THAT THE HOME RULE POWER OF A CHARTER CITY UNDER ARTICLE 18, SECTION 3 AND [7] OF THE OHIO CONSTITUTION, CONCERNING THE REMOVAL OF THE MAYOR PREEMPTS AND ABRIDGES THE POLICE POWER OF THE STATE OF OHIO UNDER ARTICLE 2, SECTION 38 OF THE OHIO CONSTITUTION AND THE LAWS [ENACTED] THEREUNDER [FOR] THE REMOVAL OF THE MAYOR PURSUANT TO [R.C.] 733.72[.]**

{¶8} In their first four assignments of error, Appellants argue that the probate court erred by granting Ebert's motion to dismiss because the procedure for removal of a mayor set forth in Avon Lake's Charter does not preempt the removal procedure set forth in the Ohio Revised Code. Appellants argue that the State of Ohio has the paramount power to set forth the procedure to remove a mayor, and a home rule charter city cannot change the jurisdiction of the probate court.

For the following reasons, this Court sustains Appellants' first, second, third, and fourth assignments of error.

## Home Rule

{¶9} Whether a particular section of the Ohio Revised Code applies to a home rule municipality is a question of law that this Court reviews de novo. *ParkPlay Solutions, L.L.C. v. City of Avon Lake*, 2023-Ohio-3103, ¶ 2, 26-28 (9th Dist.). "Avon Lake is a home rule municipality with a duly adopted Charter under Article XVIII of the Ohio Constitution." *Id.* "The citizens of the municipality are, thus, given power to construct their own local government and to operate it themselves." *Greater Cincinnati Plumbing Contrs. Assoc. v. Blue Ash*, 106 Ohio App.3d 608, 612 (1st Dist. 1995).

{¶10} Article XVIII, Section 3 of the Ohio Constitution states:

> Subject to the requirements of Section 1 of Article V of this constitution, municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, *as are not in conflict with general laws*.

(Emphasis added.) Article XVIII, Section 7 of the Ohio Constitution states:

> Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government.

These constitutional provisions were ratified in 1912 as part of Ohio's Home Rule Amendment.

{¶11} "As recognized by the Ohio Supreme Court, charter municipalities have 'the broadest possible powers of self-government in connection with all matters which are strictly local and do not impinge upon matters which are of a state-wide nature or interest.'" *ParkPlay Sols., LLC* at ¶ 31, quoting *State Personnel Bd. of Rev. v. Bay Village Civ. Serv. Comm.*, 28 Ohio St.3d 214, 218 (1986). "In matters of local self-government, if a portion of a municipal charter expressly conflicts with parallel state law, the charter provisions will prevail." *ParkPlay Sols., LLC* at ¶ 32,

quoting *State ex rel. Minor v. Eschen*, 74 Ohio St.3d 134, 138 (1995). That said, "[i]t is a fundamental principle of Ohio law that, pursuant to the 'statewide concern' doctrine, a municipality may not, in the regulation of local matters, infringe on matters of general and statewide concern." *State ex rel. Evans v. Moore*, 69 Ohio St.2d 88, 89-90 (1982).

**Avon Lake's Charter and R.C. 733.72**

{¶12} In accordance with Article XVIII, Section 7 of the Ohio Constitution, Avon Lake adopted a Charter that provides at Chapter I, Section 2:

> The Municipality shall have all powers of local self-government now and hereafter granted to municipalities by the Constitution of the State of Ohio, and such further powers as are now or hereafter granted by the laws of the State of Ohio; and all such powers shall be exercised in the manner prescribed by this Charter or by ordinances of Council created hereby. Enumeration of or reference to particular powers by this Charter shall not be construed to be exclusive.

{¶13} As set forth above, Chapter IV, Section 17 of Avon Lake's Charter provides that Avon Lake City Council "may remove the Mayor for . . . malfeasance [or] misfeasance[,]" and sets forth the procedure for removal. R.C. 733.72 also sets forth a procedure by which a municipal mayor can be removed from office for misfeasance or malfeasance, providing in relevant part:

> When a complaint under oath is filed with the probate judge of the county in which a municipal corporation or the larger part thereof is situated, by any elector of the municipal corporation, signed and approved by four other electors thereof, the judge shall forthwith issue a citation to any person charged in the complaint for his appearance before the judge within ten days from the filing thereof, and shall also furnish the accused and the village solicitor or city director of law with a copy thereof. The complaint shall charge any of the following:
>
> . . .
>
> (C) That a member of the legislative authority or an officer of the municipal corporation has been guilty of misfeasance or malfeasance in office.

**Analysis**

**{¶14}** Here, the probate court concluded that it lacked subject matter jurisdiction over Appellants' complaint filed pursuant to R.C. 733.72 because the "[t]he mayoral removal provisions in the Avon Lake charter . . . take precedence over removal proceedings located in R.C. 733.72, et seq." In reaching this conclusion, the probate court relied upon the Ohio Supreme Court's decision in *State ex rel. Hackley v. Edmonds* for the proposition that:

> *the selection of municipal officers is a matter of purely local concern*, and that the method of their selection and the tenure of their office may legally be limited or circumscribed by the provisions of a municipal charter adopted in pursuance of Section 7, Article XVIII of the Constitution.

(Emphasis added.) *State ex rel. Hackley v. Edmonds*, 150 Ohio St. 203, 215 (1948). The probate court then concluded that the "removal of municipal officers in Avon Lake is a matter of purely local concern and does not impinge upon matters which are of a state-wide nature or interest."

**{¶15}** While the probate court concluded that the removal provisions of Avon Lake's Charter "take precedence" over the removal provisions in R.C. 733.72, it reached this conclusion without first analyzing whether an actual conflict exists between those provisions. *See ParkPlay Sols., LLC*, 2023-Ohio-3103, at ¶ 32 (9th Dist.), quoting *Eschen*, 74 Ohio St.3d at 138 ("In matters of local self-government, if a portion of a municipal charter expressly conflicts with parallel state law, the charter provisions will prevail."). Despite never analyzing whether a conflict exists, the probate court then relied on *Edmonds* to support its conclusion that the "removal of municipal officers in Avon Lake is a matter of purely local concern and does not impinge upon matters which are of a state-wide nature or interest." But *Edmonds* addressed only the selection and term length of municipal officers, not their removal. *Edmonds* at 217 ("Here we have a situation which does not involve a removal of an officer for cause . . . .").

{¶16} Additionally, the probate court did not address Appellants' argument (raised in their brief in opposition to Ebert's motion to dismiss and again on appeal) that the removal provisions in Avon Lake's Charter and R.C. 733.72 are concurrent methods of removing the mayor that can co-exist. This Court will not analyze whether a conflict exists between the two removal provisions—nor Appellants' argument that the removal provisions provide alternative mechanisms for the removal of a mayor—in the first instance. *Williams v. Kisling, Nestico, & Redick, LLC*, 2022-Ohio-1044, ¶ 37 (9th Dist.) ("This Court functions as a court of review and we exceed the scope of our authority when we analyze issues in the first instance that have not first been addressed by the trial court."). Consequently, this Court must reverse and remand the matter for the probate court to address these issues in the first instance, as well as the alternative arguments presented in Ebert's motion to dismiss. Appellants' first, second, third, and fourth assignments of error are sustained.

### ASSIGNMENT OF ERROR V

**THE TRIAL COURT [ERRED] WHEN IT FAILED TO ADJUDICATE THE LEGAL STANDING OF THE APPELLANTS TO BRING FORTH THE COMPLAINT PROVIDED FOR IN [R.C.] 733.72[.]**

{¶17} Based upon this Court's resolution of Appellants' first, second, third, and fourth assignments of error, Appellants' fifth assignment of error is moot, and is overruled on that basis. *See* App.R. 12(A)(1)(c).

### III.

{¶18} Appellants' first, second, third, and fourth assignments of error are sustained. Appellants' fifth assignment of error is overruled on the basis that it is moot. The judgment of the Lorain County Court of Common Pleas, Probate Division, is reversed and the matter is remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

JILL FLAGG LANZINGER
FOR THE COURT

HENSAL, J.
CONCURS.

SUTTON, J.
DISSENTING.

{¶19} I respectfully dissent.

{¶20} As the majority observes, we review de novo whether a particular section of the Ohio Revised Code applies to a home rule municipality. *ParkPlay Solutions, L.L.C. v. City of*

*Avon Lake*, 2023-Ohio-3103, ¶ 2, 26-28 (9th Dist.). "A provision enacted pursuant to a municipality's power of local self-government will . . . take precedence over a conflicting state provision." *Talbert v. City of Akron*, 1984 WL 6104, *2 (9th Dist. Apr. 4, 1984). The removal of municipal officers for malfeasance is a matter of local self-government. *State Personnel Bd. Of Review v. City of Bay Village,* 28 Ohio St.3d 214, 218 (1986).

{¶21} Here, the voters of Avon Lake adopted a charter provision setting forth the procedure for removal of their mayor. The fact that Avon Lake voters expressly chose a method for removal of their mayor means they opted out of the procedures for the removal of the mayor set forth in R.C. 733.72, putting the charter provision and the statute in direct conflict. This Court decided a similar issue in *Talbert*. In that case*,* the issue was whether the City of Akron's charter provision for filling vacancies in the classified service conflicted with state law on the matter. This Court determined there was a conflict because state law *required* the city to initiate the procedure for filling a vacancy when the vacancy occurred, and the city charter required the city to initiate the procedure when a position was to be filled, meaning the city had *discretion* to determine when a position was to be filled. *Id.* at *3. In this case, Avon Lake's charter gives Avon Lake City Council the *discretion* to remove the mayor for gross misconduct, malfeasance, misfeasance or nonfeasance, and R.C. 733.72 *requires* the probate judge to issue a citation to a municipal officer when a complaint is filed against the municipal officer charging the municipal officer with misfeasance or malfeasance. I would conclude as a matter of law that the charter and R.C. 733.72 are in direct conflict, and therefore the charter takes precedence over R.C. 733.72.

{¶22} I would affirm the decision of the trial court on the basis the provision in Avon Lake's municipal charter for removal of the mayor takes precedence over the conflicting provisions of R.C. 733.72 for the removal of the mayor. *See Talbert* at *2.

{¶23}    For these reasons, I respectfully dissent.

APPEARANCES:

GERALD W. PHILLIPS, Attorney at Law, pro se, for Appellants.

GARY A. EBERT, Law Director, and JEFFREY S. MOELLER, Attorney at Law, for Appellee.

KEVIN M. BUTLER, Attorney at Law, for Appellee.